UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE DEMEL DICKERSON,<br><br>Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>Defendants. | Case No. 22-cv-03375-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

Pending before the Court is the motion to dismiss filed by Defendants Contra Costa County and David E. Goldstein. Dkt. No. 13. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion to dismiss.

I.   **BACKGROUND**

Plaintiff Jermaine Demel Dickerson filed this legal malpractice action in June 2022. Dkt. No. 1 ("Compl."). According to the complaint, in December 1998, Plaintiff pled no contest to one count of forcible rape under California Penal Code § 261(a)(2) with a deadly weapon enhancement under Penal Code § 12022.3(a). *See id.* at ¶¶ 1, 6–7, 43, 52–54, 56. Plaintiff was subsequently sentenced to nine years in prison, with execution suspended, and had to register as a sex offender. *Id.* at ¶¶ 57–58. Plaintiff contends that he repeatedly told his attorney in the proceedings, Defendant Goldstein,[1] that he was not guilty of this offense. *See, e.g.*, *id.* at ¶¶ 5, 45. Plaintiff further asserts that the only evidence against him was the alleged victim's statement, which could have been impeached at trial, and Defendant Goldstein had substantial other evidence of Plaintiff's

---

[1] Judge Goldstein was previously an assistant public defender in Contra Costa County and is now a Contra Costa County Superior Court Judge. *See* Compl. at ¶¶ 8, 17, 72.

innocence but failed to properly investigate the case. *Id.* at ¶¶ 42, 46–51. Over a decade later, in May 2012, the reported victim and sole eyewitness recanted. *Id.* at ¶¶ 67, 69. Several years after that a new Contra Costa County Public Defender represented Plaintiff to vacate his no contest plea and conviction. *See id.* at ¶¶ 74–75. In September 2021, the Contra Costa County Superior Court granted the motion and declared Plaintiff actually innocent of the charge of forcible rape and vacated his conviction. *Id.* at ¶ 76. Plaintiff sought damages from the County, but the County denied the claim in December 2021 as untimely. *See id.* at ¶¶ 10, 81–82.

Defendants now move to dismiss the complaint in its entirety. Dkt. No. 13.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## III.    DISCUSSION

As an initial matter, Defendants move to dismiss the complaint as untimely. Dkt. No. 13 at 13–14. Defendants argue that Plaintiff's legal malpractice claim is time-barred by California Code

of Civil Procedure § 340.6. *See id.* Defendants assert—and Plaintiff appears to agree—that the alleged wrongful act in this case was the December 4, 1998 recommendation by Judge Goldstein that Mr. Dickerson plead no contest. *See id.* at 2; Dkt. No. 17 at 1 ("Defendant Goldstein effectively forced Mr. Dickerson to accept an eleventh-hour plea of no contest the court day before trial . . . ."). At the time, § 340.6 read in relevant part:

> An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first.

Cal. Civ. Proc. Code § 340.6 (effective until December 31, 2009). Thus, Defendants argue that at the latest the statute of limitations expired four years after Judge Goldstein's plea recommendation, or on December 4, 2002. *Id.* Because Plaintiff did not file this action until June 8, 2022, Defendants urge that Plaintiff's malpractice claim is time-barred. *Id.*

In response, Plaintiff explains that § 340.6 was amended in 2009, and now squarely extends the statute of limitations in cases such as this where the plaintiff must establish factual innocence as part of his legal malpractice claim. Dkt. No. 17 at 14–20. The amended statute includes the following additional language:

> If the plaintiff is required to establish his or her factual innocence for an underlying criminal charge as an element of his or her claim, the action shall be commenced within two years after the plaintiff achieves postconviction exoneration in the form of a final judicial disposition of the criminal case. Except for a claim for which the plaintiff is required to establish his or her factual innocence, in no event shall the time for commencement of legal action exceed four years . . . .

Cal. Civ. Proc. Code § 340.6(a) (effective until January 31, 2019).[2] Plaintiff argues that this language should apply retroactively to his case, making the deadline to file two years after his conviction was vacated, or October 6, 2023. *See* Dkt. No. 1-2, Ex. B (order vacating conviction).

---

[2] The statute was amended a third time, effective January 1, 2020, but the California Legislature did not make any substantive changes relevant to this case.

3

The critical question, therefore, is whether the amendment to § 340.6(a) is retroactive.

Under California law, a statute is generally "presumed to be prospective only and will not be applied retroactively unless such intention clearly appears in the language of the statute itself." *Krusesky v. Baugh*, 138 Cal. App. 3d 562, 566 (Cal. Ct. App. 1982). This is true even in the context of amendments to statutes of limitations that would revive already time-barred claims. *See Moore v. State Bd. of Control*, 112 Cal. App. 4th 371, 378–79 (Cal. Ct. App. 2003) ("[W]here the application of a new or amended statute of limitations would have the effect of reviving an already time-barred claim, the general rule against retroactive application of the statute is applicable in the absence of a clear indication of legislative intent to the contrary."). "The reason for this rule is a judicial perception of unfairness in reviving a cause after the prospective defendant has assumed its expiration and has conducted his affairs accordingly." *Krupnick v. Duke Energy Morro Bay*, 115 Cal. App. 4th 1026, 1029 (Cal. Ct. App. 2004) (quotation omitted). As one California Court of Appeal summarized, "when the [California] Legislature intends to revive time-barred claims it does so expressly." *Moore*, 112 Cal. App. 4th at 379.

"Our primary aim in construing any law is to determine the legislative intent." *Krupnick*, 115 Cal. App. 4th at 1028 (quotation omitted). "In doing so we look first to the words of the statute, giving them their usual and ordinary meaning." *Id.* (quotation omitted). Plaintiff appears to acknowledge—as he must—that § 340.6 does not explicitly state that it applies retroactively. Plaintiff nevertheless suggests that the language of the statute still supports his interpretation. *See* Dkt. No. 17 at 19. He contends that when the statute references "a claim for which the plaintiff is required to establish his or her factual innocence," these "are necessarily those malpractice claims extant at the time of [the statute's] enactment . . . ." *See id.* Plaintiff argues that this must be true "since factual innocence has been an element of a malpractice claim in the criminal context since before Plaintiff's conviction." *See id.*

Plaintiff is correct that the California Supreme Court first held that actual innocence is a necessary element of any legal malpractice claim brought by a former criminal defendant in November 1998. *See Wiley v. Cnty. of San Diego*, 19 Cal. 4th 532, 536–45 (Cal. 1998). The California Supreme Court further clarified a few years later that this element requires that "an

1  individual convicted of a criminal offense [] obtain reversal of his or her conviction, or other
2  exoneration by postconviction relief . . . ." *Coscia v. McKenna & Cuneo*, 25 Cal. 4th 1194, 1201
3  (Cal. 2001). Prior to the amendment of § 340.6, the California Supreme Court recognized that the
4  need to establish actual innocence created a timing problem: "Because of the time required to
5  complete postconviction proceedings, the statute of limitations in most cases will have run long
6  before the convicted individual has had an opportunity to remove the bar to establishing his or her
7  actual innocence." *Id.* at 1207. The Supreme Court in *Coscia* resolved this problem by holding
8  that although "the plaintiff must file a malpractice claim within the one-year or four-year
9  limitations period," courts "should stay the malpractice action during the period in which such a
10 plaintiff timely and diligently pursues postconviction remedies." *Id.* at 1210–11.

11  The Court notes that none of this legal backdrop is apparent from the text of the statute.
12 But in any event, the Court finds that this history actually undermines Plaintiff's proffered
13 interpretation. Because actual innocence has been an element of legal malpractice claims for so
14 long, and because this element created a known timing issue, it is reasonable to conclude that if
15 the California Legislature intended to revive time-barred claims from the past decade, it would
16 have explicitly said so in the amended version of § 340.6. This is particularly true in the context
17 of the California Code of Civil Procedure, which states: "No part of [this code] is retroactive,
18 unless expressly so declared." Cal. Civ. Proc. Code § 3. When the Legislature wants to make a
19 statute retroactive, it knows how to do so clearly. *See, e.g.*, Cal. Civ. Code § 1646.5 ("This section
20 applies to contracts, agreements, and undertakings entered into before, on, or after its effective
21 date; it shall be fully retroactive."); Cal. Penal Code § 1170(d)(12) ("This subdivision shall have
22 retroactive application."); Cal. Gov't Code § 9355.8 ("This section shall have retroactive
23 application, as well as prospective application . . . ."). Section 340.6 on its face simply contains no
24 explicit language indicating such intent.

25  In the absence of such language, Plaintiff next points to the statute's legislative history.
26 Plaintiff first points to the introductory language of the bill, A.B. 316, in the Legislative Counsel's
27 Digest. Section 1 states:

> (a) It is the intent of the Legislature to remedy some of the harm caused to *all factually innocent people* who have been wrongfully convicted and served time in state prison in California.
>
> (b) A factually innocent person is a person who was convicted of a crime that either was not committed or, if committed, was not committed by him or her.
>
> (c) This act would remove some of the obstacles to compensation for *the factually innocent* and would ease their transition back into society.

2009 Cal. Legis. Serv. Ch. 432 (A.B. 316) (emphasis added). Plaintiff urges that by referencing "all factually innocent people," the Legislature did not intend to limit itself to providing prospective relief. *See* Dkt. No. 17 at 17–18.

However, the meaning of "all factually innocent people who have been wrongfully convicted" is at best ambiguous. Although it could mean all factually innocent people ever wrongfully convicted regardless of whether their claims are time-barred, it could also mean "all factually innocent people who have been convicted" moving forward and from the effective date of the statute. *See Gutierrez v. De Lara*, 188 Cal. App. 3d 1575, 1580 (Cal. Ct. App. 1987) (explaining that use of present perfect "has obtained a judgment" could mean either "has obtained a judgment after the effective date of the statute" or "has obtained a judgment before or after the effective date of the statute."). Again, the Legislative Counsel's Digest is similarly silent as to retroactivity.

Plaintiff's own authority is instructive. *See* Dkt. No. 17 at 17. In *Bullard v. Cal. State Auto. Association*, the California Court of Appeal rejected an argument that Cal. Ins. Code § 11580.2 should apply retroactively. 129 Cal. App. 4th 211, 216–19 (Cal. Ct. App. 2005). The plaintiff cited legislative history, which explained that the bill was "needed to conform the statute of limitations for filing an [uninsured motorist] claim to the new two-year period enacted last year." *Id.* at 218. The history indicated that the Legislature was aware "that the inconsistency between the statutes of limitation could lead to serious problems" such as someone losing out on uninsured motorist coverage if they did not learn in time that the negligent driver was in fact uninsured. *Id.* The court found that the language was at best ambiguous, and noted that the Legislature did not "expressly state the amendment was retroactive when it had ample opportunity

1 to do so." *Id.* at 219. The court considered this to support "a strong inference [] that the

2 Legislature did not intend the amendment [] to operative retroactively." *Id.*  So too here.  The

3 Legislature could have clearly explained that the 2009 amendment should apply retroactively, but

4 did not.

5       Plaintiff also points out that an organization commenting on a draft of A.B. 316 cautioned

6 that "all criminal defense attorneys, unless the statute of limitations is guaranteed to them, may be

7 subject to litigation, whether meritorious or not, long after the attorney has ceased the practice of

8 law." *See* Dkt. No. 18-4, Ex. 4.  The organization sent a letter to the Senate Committee on Public

9 Safety proposing that the language of the bill make clear that it extends the statute of limitations

10 only for claims "*after the effective date of the amendment of this statute.*" *Id.* (emphasis in

11 original).  However, it is not even clear that the legislators who voted on the bill saw this letter.

12 Moreover, it is equally plausible that even if the Legislature received this letter, it believed this

13 language was unnecessary because statutes are presumed to be prospective unless the statute

14 clearly states otherwise.

15       The California Supreme Court has repeatedly explained that "unless there is an express

16 retroactivity provision, a statute will not be applied retroactively unless it is *very clear* from

17 extrinsic sources that the Legislature . . . must have intended a retroactive application" *Myers v.*

18 *Philip Morris Companies, Inc.*, 28 Cal. 4th 828, 841 (Cal. 2002) (quotation omitted) (emphasis in

19 original).  The legislative history that Plaintiff identifies is simply not the clear indication of

20 legislative intent that is necessary to conclude that the amendments to § 340.6 apply retroactively.

21 "[A] statute that is ambiguous with respect to retroactive application is construed . . . to be

22 unambiguously prospective." *Id.*  The Court therefore finds that the amendment to § 340.6 does

23 not apply retroactively, and Plaintiff's claims are time-barred.  *Accord Soderstrom v. Chen*, No.

24 G047048, 2013 WL 1695588, at *2, n.3 (Cal. Ct. App. Apr. 19, 2013).

25 **IV. CONCLUSION**

26       Accordingly, the Court **GRANTS** the motion to dismiss.  Based on the nature of the

27 deficiencies in Plaintiff's complaint, the Court finds that granting leave to amend would be futile.

28 The Court therefore **DISMISSES** the case without leave to amend.  *See Ramirez v. Galaz*a, 334

F.3d 850, 860 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts . . . .") (quotations omitted).  The Clerk is therefore directed to enter judgment in favor of Defendants and to close the case.

**IT IS SO ORDERED.**

Dated: 3/9/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge